CITY OF ELKHART v. SIMONTON.

CITIES AND TOWNS.—*Opening Street.*—*Injunction.*—*Pleading.*—In a suit to enjoin a city from opening a street through the plaintiff's land, until the assessment of damages is paid, an answer alleging that the land described in the complaint was, at the time the proceedings to appropriate the same were commenced and for many years prior thereto, an open and public street and highway of said city ; that the only interest the plaintiff had in said land was the ownership of the fee, subject to a perpetual easement of a street and highway over said land ; that the proceedings to appropriate said land were taken on behalf of the city by mistake and in ignorance of the fact that said land was already a part of said street ; but not alleging facts showing that the ground appropriated was a street by user, by grant, by dedication or appropriation, or that it was established in any manner known to the law, is insufficient.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellant.

*J. G. Osborne* and *W. B. Hess*, for appellee.

BIDDLE, J.—Complaint by the appellee to enjoin the City of Elkhart from opening a certain street until the assessment of damages is paid. The following are the allegations of the facts :

That on the 21st day of September, 1876, the said defendant caused affiant to be duly summoned to appear before the city commissioners of said city, on the 7th day of October, 1876, for the purpose of assessing the benefits and damages that would accrue to or against the affiant and others, by reason of the extension of Fifth street, in said city of Elkhart, from Marion to Harrison streets ; that affiant appeared before said commissioners on said day, and such proceedings were therein had, as that said commissioners determined and found that affiant owned certain of the lands that would be taken by such extension of Fifth street, and awarded to the affiant damages in the sum of eight hundred dollars, for the taking of such lands, and assessed against the affiant, as benefits accruing to his said lands, the sum of $425.00, leaving due to him from

said city, by reason of such appropriation, the sum of $375.00. And afterwards, within the time prescribed by law, the common council of said city did, by resolution, accept the said finding of the said commissioners, and the clerk of said city council duly notified affiant of such resolution and acceptance, and that his said lands had been so appropriated for said Fifth street; that such finding and resolution have never been appealed from or reversed, but remain in full force; yet the said city has wholly failed and refused to pay the said sum due to the affiant, by reason of such appropriation, but, in violation of the rights of affiant, threatens and is about to proceed and open said Fifth street, through the said lands of affiant, without paying him therefor, and as affiant is informed and believes the common council has passed a resolution ordering the said Fifth street to be so opened; and the city marshal has informed affiant, that, in obedience to said order, he would to-day proceed to open said street, without the said lands being in any way paid for; that he has demanded of said city that he be paid the damages so awarded to him in excess of benefits so assessed in his favor, but the city has wholly refused to pay the same; that his land is inclosed, and he will suffer irreparable damages if the city be allowed to open said street without paying the said damages. Wherefore he prays the court to restrain the said city and city marshal from opening the same until this matter be heard and determined, and be enjoined from opening the said street, until said payment be made to him, and for other proper relief.

The complaint is sworn to by the appellee.

The answer, after admitting the assessment as charged in the complaint, avers that the land described in the complaint was, at the time such proceedings to appropriate the same were commenced and for many years prior thereto, an open and public street and highway of said city, and that all the interest the said plaintiff then had or

now has in said land is the ownership of the fee, subject to a perpetual easement of a street and highway over the whole of said land; that said proceedings to appropriate said land were taken and had on behalf of said city by mistake and ignorance of the fact, upon the part of the officers who did not know the fact, that said land was already a part of Fifth street, but supposed and believed that the same was not a part of said street or highway. Wherefore, etc.

To this answer a demurrer for want of facts was sustained, and judgment rendered enjoining the city from opening the street "until the further order of this court," etc.

The assignments of error here are :

1. The complaint does not state facts sufficient to constitute a cause of action ; and,

2. That the court erred in sustaining the demurrer to the answer of the appellant.

We do not see any valid objection to the complaint; no very serious objection is alleged against it by the appellant. It is argued that it does not sufficiently show title to the land in the plaintiff. There is no such direct averment, but we think it sufficiently appears by other averments, that the plaintiff was the owner of the land at the time the appropriation was made.

The facts alleged in the answer do not appear to us to be sufficient. They do not show that the ground appropriated was a street by user, by grant, by dedication or appropriation, or that it was established in any manner known to the law. The averments are general and mere conclusions of law from implied facts not averred. We can not hold the answer sufficient. And it may be, but we decide nothing upon this point, that the City of Elkhart could not avoid the appropriation of the lands it had made by refusing to pay the assessment. It is a public act recorded in a public record. At least the appellee

should have his damages or the land restored to him in the condition it was before the appropriation was made. But all we decide is that the answer is insufficient.

The judgment is affirmed, at the costs of the appellant.